**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DAMIEN FRANCIS WILLIAMS, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| JUDGE CONSTANCE RUSSELL; | :: | CIVIL ACTION NO. |
| et al., | :: | 1:16-CV-3370-WSD-RGV |
| Defendants. | :: | |

**<u>FINAL REPORT AND RECOMMENDATION</u>**

Plaintiff Damien Francis Williams, who was then confined in the Paulding County Detention Center in Dallas, Georgia, submitted to the Court a two page letter, [Doc. 1], seeking damages for his allegedly unconstitutional pretrial detention, which was docketed as this <u>pro se</u> civil rights action.  Additionally, plaintiff had neither prepaid the $350.00 filing and $50.00 administrative fees that are required for civil actions nor submitted a financial affidavit seeking leave to proceed <u>in forma pauperis</u>.  Accordingly, on September 12, 2016, the Court ordered plaintiff to file an amended complaint and to either pay the fees or submit a financial affidavit within thirty days. [Doc. 2].  The Court advised plaintiff that failure to timely comply with the order could result in the dismissal of this action.  [<u>Id.</u> at 4].  The copy of the order that was mailed to plaintiff was returned to this Court as undeliverable.  [Doc. 3].  More than

thirty days have passed since entry of the order, but plaintiff has not notified the Court of his new address or taken any other steps to prosecute this case.

"The failure . . . of a party appearing <u>pro se</u> to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice . . . ." LR 41.2C, NDGa.  Plaintiff has not informed the Court of a change in his mailing address, and the Court has no other information regarding plaintiff's whereabouts or means of contacting him.

Additionally, Federal Rule of Civil Procedure 41(b) allows a district court to "*sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court." <u>Owens v. Pinellas Cnty. Sheriff's Dep't</u>, 331 F. App'x 654, 656 (11th Cir. 2009) (per curiam) (citing <u>Lopez v. Aransas Cnty. Indep. Sch. Dist.</u>, 570 F.2d 541, 544 (5th Cir. 1978)[1]).  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." <u>Zocaras v. Castro</u>, 465

---

[1] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit.  <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).

Because plaintiff changed his address without notifying the Court, which has caused delay and adversely affected the management of the case, and he has failed to comply with the Court's order to file an amended complaint and to either pay the fees or submit the required affidavit and otherwise failed to prosecute his case, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Local Rule 41.2C for plaintiff's failure to keep the Court informed of his current address and for plaintiff's failure to prosecute this case and failure to obey the Court's order of September 12, 2016.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 21st day of OCTOBER, 2016.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

3