IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAMIEN FRANCIS WILLIAMS,<br><br>  Plaintiff,<br><br>v.<br><br>JUDGE CONSTANCE RUSSELL,<br>DA #14DA09589, and PAULA<br>WEATHERSBY,<br><br>  Defendants. | 1:16-cv-3370-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [4] ("R&R").

### I.   BACKGROUND

On September 1, 2016, Plaintiff Damien Francis Williams ("Plaintiff") filed his *pro se* Complaint [1], seeking damages for alleged unconstitutional pretrial detention. At the time Plaintiff filed his Complaint, he was confined at the Paulding County Detention Center in Dallas, Georgia.

On September 12, 2016, the Magistrate Judge ordered [2] ("September 12th Order") Plaintiff to submit, within thirty (30) days of the Order, (i) an amended complaint and (ii) either the full filing and administrative fee of $400.00, or an

executed financial affidavit seeking leave to proceed *in forma pauperis*. ([2] at 2-3). The Magistrate Judge admonished Plaintiff that "failure to file an amended complaint and pay the [filing] fee or submit the required affidavit within the specified period of time may result in dismissal of this action pursuant to Local Rule 41.3, N.D. Ga." (Id. at 4). The September 12th Order was mailed to Plaintiff and, on September 22, 2016, the Order was returned to the Court as undeliverable. ([3]). Plaintiff did not file the documents required by the September 12th Order.

On October 21, 2016, the Magistrate Judge issued his R&R. In it, the Magistrate Judge recommends dismissal of this action because Plaintiff failed to notify the Court of his address change and Plaintiff failed to comply with the Court's September 12th Order directing Plaintiff to submit an amended complaint and the filing fee or financial affidavit. The R&R was sent to Plaintiff and, on October 31, 2016, the R&R was returned to the Court as undeliverable. ([6]). Plaintiff did not file objections to the R&R, and he has not otherwise taken any action in this case.

**II.   DISCUSSION**

The Local Rules of the Court provide that a *pro se* party's failure to "keep the clerk's office informed of any change in address . . . which causes a delay or otherwise adversely affects the management of the case shall constitute

grounds . . . for dismissal of the action without prejudice." LR 41.2(B), NDGa. Local Rule 41.3(A)(2) also provides that "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case." LR 41.3(A)(2), NDGa.

Plaintiff failed to keep the Clerk's office informed of his change in address, and thus he did not receive the September 12th Order or the R&R. Plaintiff also failed to submit the documents required by the Magistrate Judge's September 12th Order. Due to Plaintiff's failure, the Court cannot proceed with the processing of this action. Accordingly, this action is dismissed for Plaintiff's failure to inform the Clerk's office of his change in address and failure to obey a lawful order of the Court.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [4] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Local Rule 41.2(B) and Local Rule 41.3(A)(2).

**SO ORDERED** this 14th day of November, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE